IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:09-CR-15-ALM-KPJ-1 |
| § | |
| RESHON LAMONT SCOTT § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Reshon Lamont Scott's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on July 31, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Doug Schopmeyer of the Federal Public Defender's Office. The Government was represented by Wes Wynn.

Defendant was sentenced on November 19, 2009, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Possession of Firearm in Furtherance of a Drug Trafficking Crime-18 U.S.C. § 924(c), a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on this particular offense with a criminal history category of VI, was 60 months. Defendant was subsequently sentenced to 60 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, mental health treatment, and a $100 special assessment. On October 19, 2018, Defendant completed his period of imprisonment and began service of the supervision term.

On May 23, 2019, this case was reassigned to The Honorable Amos L. Mazzant, III of the Eastern District of Texas. On November 10, 2020, the term of supervised release was revoked after

it was alleged that Defendant violated his conditions of supervision by committing the offenses of Assault Family Violence, Impede Breath or Circulation and Assault Family Violence-Bodily Injury, failing to notify his probation officer of his change in employment status, and failing to submit to random drug testing. Upon revocation, Defendant was sentenced to 36 months imprisonment followed by a two-year term of supervised release. This supervised release term commenced on March 24, 2022, in the Eastern District of Texas, Plano.

On June 14, 2022, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #78, Sealed). The First Amended Petition asserts that Defendant violated six conditions of supervision, as follows: (1) (mandatory) Defendant must not commit another federal, state, or local crime; (2) (mandatory) Defendant must not unlawfully possess a controlled substance; (3) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (4) (standard) Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reason; (5) (standard) Defendant must follow the instructions of the probation officer related to the conditions of supervision; and (6) (special) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes Defendant taking any mental health medication as prescribed by his treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. #78 at pp. 1–3, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1) On or about May 31, 2022, in Dallas County, Texas, Defendant committed the offenses of Sexual Assault of a Child (two counts), Case Nos. F2212126 and F2212127-Second Degree Felonies,

Trafficking Child Engage Conduct/Sexual, Case No. F2212125-First Degree Felony, and Harboring a Runaway, Case No. M2212313, a Class A Misdemeanor. Defendant pleaded guilty to these offenses; (2) On April 27, 2022, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas, which produced positive results for marijuana and cocaine. The same day, Defendant admitted both verbally and in writing to use of marijuana and cocaine; (3) On May 23, 2022, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, Texas, which produced positive results for marijuana and cocaine. The same day, Defendant admitted both verbally and in writing to use of marijuana and cocaine; (4) Since commencing supervision, Defendant has been unable to maintain gainful employment; he has maintained employment for approximately one month in sum; (5) On May 18, 2022, Defendant failed to be present for a home contact at his residence of 2510 Limestone Drive, Arlington, Texas 76014, as the probation officer instructed him to do on May 16, 2022. On June 3, 2022, Defendant failed to report to the probation officer at the U.S. Probation Office in Plano, Texas, as instructed on June 1, 2022; and (6) On May 12, 2022, Defendant was scheduled to undergo a mental health evaluation with Fletcher Counseling, Plano, Texas. Defendant cancelled the appointment within ten minutes of his scheduled appointment time. At the time the first amended petition was prepared, Defendant had not rescheduled this mental health evaluation with Fletcher Counseling. (Dkt. #78 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (2)–(6). Defendant entered a plea of true to allegation (1) of the First Amended Petition.

Having considered the First Amended Petition and the plea of true to allegation (1), the court finds that Defendant did violate his conditions of supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of fifty-one (51) months to be served consecutively to his state court sentence in F2212126 (Trafficking Child Engage Conduct/Sexual) in Dallas County, Texas with no supervised release to follow. The court recommends that Defendant's sentence be served consecutively rather than concurrently to deter future crimes and to protect the public. *See* § 7B1.3(f) of the United States Sentencing Guidelines.

The court further recommends that allegations (2)–(6) be dismissed.

The court further recommends that Defendant receive any mental health treatment that the Bureau of Prisons can provide.

The court finally recommends that Defendant be housed in the Bureau of Prisons facility in the Forrest City, Arkansas or Butner, North Carolina area, if appropriate.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that

such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of August, 2024.**

*[signature: Aileen Goldman Durrett]*

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE